UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR JIMENEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>HEIDI GALVEZ, et al.,<br><br>        Defendants. | No.  2:22-cv-0242 TLN CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  On March 24, 2022, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court dismissed plaintiff's complaint with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it, again, fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be

dismissed. The court will, however, grant one final opportunity to amend in order to permit plaintiff the opportunity to assert a claim upon which he can proceed.

In order to state an actionable claim, plaintiff should review the advice provided in the court's March 24, 2022, screening order. In particular, plaintiff is informed that he has to allege with particularity how each defendant harmed him. Saying "all six defendants denied me care," as plaintiff does in his amended complaint, is not sufficient. Plaintiff must describe the individual acts of each defendant.

With respect to plaintiff's Americans with Disabilities Act claim, plaintiff is informed that Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Finally, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second mended

/////

2

complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  October 24, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jime0242.14(2)